# UNITED STATES DISTRICT COURT
# MIDDLE DISTRICT OF FLORIDA
# TAMPA DIVISION

ORLANDO HURTADO,

    Petitioner/Defendant,

v.                                                  CASE NO: 8:07-CV-1385-T-30EAJ
                                                       Crim. No: 8:04-cr-545-T-30EAJ

UNITED STATES OF AMERICA,

    Respondent/Plaintiff.
_____/

## ORDER

**THIS CAUSE** came on to be considered upon the Petitioner's Amended Motion (Dkt. #7) to Vacate, Set Aside or Correct Sentence under 28 U.S.C. §2255. The Court has undertaken a preliminary review of the Amended Motion and concludes that no response from the Government is necessary because the Amended Motion is clearly time-barred.

As explained in this Court's previous Order (Dkt. #4) entered on September 6, 2007, Petitioner's one year limitation period within which to file a Motion to Vacate, Set Aside or Correct Sentence under 28 U.S.C. §2255 expired on June 27, 2007. Petitioner filed his original Motion to Vacate, Set Aside or Correct Sentence under 28 U.S.C. §2255 (Dkt. #1) on August 7, 2007. This Court struck the original pleading and granted Petitioner thirty (30) days within which to file an Amended Motion to Vacate, Set Aside or Correct Sentence under 28 U.S.C. §2255 if he could show good cause and actual prejudice to overcome the time bar. 28 U.S.C. §2244 "permits equitable tolling when a movant untimely files because of extraordinary circumstances that are both beyond his control and unavoidable with

diligence." Steed v. Head, 219 F.3d 1298, 1300 (11th Cir. 2000) (quoting Sandbik v. United States, 177 F.3d 1269, 1271 (11th Cir. 1999) (*per curiam*).

The burden of establishing entitlement to equitable tolling rests with the Petitioner. Drew v. Dep't of Corrs., 297 F.3d 1278 (11th Cir. 2002). Here, Petitioner is not entitled to equitable tolling. He has not shown that he exercised reasonable diligence in seeking collateral relief. Petitioner's *pro se* status does not merit equitable tolling, see Turner v. Johnson, 177 F.3d 390, 392 (5th Cir. 1999); Marsh v. Soares, 223 F.3 1217, 1220 (10th Cir. 2000) (neither inmate's ignorance of the law nor inadequacy of services of inmate law clerk who helped draft his *habeas* petition entitled Petitioner to equitable tolling of the limitations period). Since Petitioner is not entitled to equitable tolling, his Petition is time-barred and must be denied. Had it not been time-barred, it would have failed for setting forth insufficient grounds to support a §2255 petition.

The only grounds set forth by Petitioner to support his §2255 petition is that "he is a deportable alien, and therefore he should get a downward sentence so he will not stay longer in prison to be a burden on the Bureau of Prison." Petitioner argues that, as an illegal alien, he "could not get a halfway house, community drug program, federal camp boot (sic), and other benefits being accorded to a U. S. citizen. As such, he is a deportable alien, and therefore he should be accorded with a lower sentence." While being a deportable alien is a factor that might be within the broad discretion of a sentencing court to consider, this Court has not yet reduced a defendant's sentence just because they are a deportable alien. Petitioner cites to no case law that would compel this Court to do so. Petitioner's §2255

petition is nothing more than a request for a reduction in his sentence because he is a deportable alien.

Petitioner's Amended Motion to Vacate, Set Aside or Correct Sentence under 28 U.S.C. §2255 will be denied because it is both time-barred and insufficient.  It is therefore

ORDERED AND ADJUDGED that:

1. Petitioner's Amended Motion to Vacate, Set Aside or Correct Sentence under 28 U.S.C. §2255 (Dkt. #7) is hereby DENIED.

2. The Clerk is directed to enter judgment against Petitioner and close this case.

3. The Clerk is directed to terminate the Amended Motion to Vacate, Set Aside or Correct Sentence under 28 U.S.C. §2255 (Dkt. #310) in the related criminal case, 8:04-cr-545-T-30EAJ.

**DONE** and **ORDERED** in Tampa, Florida on October 26, 2007.

JAMES S. MOODY, JR.
UNITED STATES DISTRICT JUDGE

**Copies Furnished To**:
Counsel/Parties of Record

*S:\Odd\2007\07-cv-1385.deny 2255.wpd*